UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
NEIL ABROMAVAGE,

             Plaintiff,

  -against-

DEUTSCHE BANK SECURITIES INC.;
JEFFREY BUNZEL, in his official and
individual capacities; and MARK HANTHO,
in his official and individual capacities,

             Defendants.

------------------------------------------------------- X

Case No. 1:18-cv-06621

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, Deutsche Bank Securities Inc. (referred to either as "DBSI," or the "Bank"), Jeffrey Bunzel ("Bunzel") and Mark Hantho ("Hantho," and together with DB and Bunzel, "Defendants"), by and through their attorneys, Seyfarth Shaw LLP, and in Answer to Plaintiff's Complaint, state as follows:

## NATURE OF THE CLAIMS

1. Paragraph 1 of the Complaint contains a summary of Plaintiff's claims, to which no response is required, but to the extent a response is deemed required, Defendants deny committing any alleged unlawful acts giving rise to Plaintiff's claims and the relief and damages he seeks in this action.

2. Defendants deny the allegations contained in paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendants admit that the Court has federal question jurisdiction over Plaintiff's federal claim under Title VII, admit that the Court has supplemental jurisdiction over Plaintiff's New York State Human Rights Law claims and New York City Human Rights Law claims, but deny that Plaintiff has pled a claim under the FMLA or ERISA and deny the remaining allegations contained in paragraph 5 of the Complaint.

6. Defendants admit that venue is proper in this district, and deny the remaining allegations contained in paragraph 6 of the Complaint.

## PROCEDURAL REQUIREMENTS

7. Defendants admit that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. on or about May 1, 2017, and deny the remaining allegations contained in paragraph 7 of the Complaint.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint as to Plaintiff's intentions. The remaining allegations contained in paragraph 9 of the Complaint state a legal conclusion to which no response is required.

10. The allegations contained in paragraph 10 of the Complaint state a legal conclusion to which no response is required.

**PARTIES**

11.     Defendants admit that Plaintiff is a former employee of DBSI who began working at DBSI on or around October 2000 and worked for DBSI in New York City.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residence.  The remaining allegations contained in paragraph 11 of the Complaint that Plaintiff was an "'employee' under all applicable statutes throughout his employment with Defendants," is a legal conclusion to which no response is required, but to the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint as "applicable statutes" is undefined, vague, and ambiguous.

12.     Defendants admit that DBSI is wholly owned by DB U.S. Financial Markets Holding Corporation, which is wholly owned by DB USA Corporation, which is wholly owned by Deutsche Bank Aktiengesellschaft.  Defendants admit that DBSI maintains a place of business at 60 Wall Street, New York, New York 10005 and that it is a leading provider of financial services to agencies, corporations, governments, private individuals and institutions in the Americas.  The remaining allegations contained in paragraph 12 of the Complaint state legal conclusions to which no response is required, but to the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "[a]t all times relevant herein, Defendant Deutsche Bank was and is an 'employer' under all relevant statutes" as "applicable statutes" is undefined, vague, and ambiguous.

13.     Defendants admit that Jeffrey Bunzel is a Managing Director and Global Chairman of Equity Capital Markets at DBSI.  Defendants further admit that Mr. Bunzel resides

3

in New York, New York. Defendants deny the remaining allegations contained in paragraph 13 of the Complaint.

14. Defendants admit that Mark Hantho is Chairman of Global Investment Banking and Capital Markets Coverage and Chairman of Deutsche Bank Securities Inc. Defendants further admit that Mr. Hantho resides in New York, New York. Defendants deny the remaining allegations contained in paragraph 14 of the Complaint.

## FACTUAL ALLEGATIONS

15. Defendants admit that DBSI hired Plaintiff in or around October 2000 as an Analyst, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants admit that Plaintiff was promoted while an employee at DBSI, including to Managing Director, and deny the remaining allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants admit that, on or about May 19, 2015, Plaintiff participated in an interview with Joanne Smith, a Vice President in Employee Relations, and Christina Berti, Director and Associate General Counsel, in connection with the Bank's investigation of allegations regarding Jason Gurandiano that had been raised via an anonymous complaint. Defendants deny the remaining allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants admit that DBSI terminated Mr. Gurandiano's employment on or about July 27, 2015 after conducting an investigation that included, among other things, the

interviews of 14 employees. Defendants deny the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint, except aver that the Bank's policies prohibit retaliation against individuals who participate in an investigation or otherwise engage in protected activity.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's emotional state or how unspecified individuals among the Bank's thousands of employees may have referred to particular individuals at unspecified points in time, and deny the remaining allegations contained in paragraph 23 of the Complaint.

24. Defendants admit that John Eydenberg is a Managing Director, Chairman, Deutsche Bank Americas, and that he works with Messrs. Bunzel and Hantho, and deny the remaining allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants admit that Plaintiff did not attend the SoFi pitch meeting or prepare the pitch materials, deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding how or when Plaintiff learned of the SoFi pitch meeting, and deny the remaining allegations contained in paragraph 26 of the Complaint.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's whereabouts on an unspecified date, and deny the remaining allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about an unspecified individual's intentions in September and/or October 2015, and deny the remaining allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding comments made to an unspecified individual at an unspecified time, and deny the remaining allegations contained in paragraph 37 of the Complaint.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding comments that unspecified individuals may have made to another financial institution, and deny the remaining allegations contained in paragraph 38 of the Complaint.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding unspecified "insurance and asset management situations," and deny the remaining allegations contained in paragraph 39 of the Complaint.

40. Defendants admit that Plaintiff complained to the Bank that he believed he had been subjected to retaliation for participating in an investigation regarding Mr. Gurandiano, and deny the remaining allegations contained in paragraph 40 of the Complaint.

41.     Defendants admit that Plaintiff met with Joanne Smith, at Plaintiff's request, in or around August 2015 and that he expressed generic concerns about his role, but deny that Plaintiff provided any examples of retaliation he allegedly had experienced, and deny the remaining allegations contained in paragraph 41 of the Complaint.

42.     Defendants admit that Ms. Smith reassured Plaintiff that the Bank's policy prohibits retaliation, that Ms. Smith later sent Plaintiff via email a copy of the Bank's policy prohibiting retaliation, and deny the remaining allegations and negative inferences contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations and negative inferences contained in paragraph 43 of the Complaint.

44.     Defendants deny the allegations and negative inferences contained in paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants agree that on or about October 20, 2015, Plaintiff met with Ms. Berti and Ms. Kershenbaum, a Vice President in Employee Relations, as part of an investigation into Plaintiff's complaint, and deny the remaining allegations contained in paragraph 47 of the Complaint.

48.     Defendants admit that at the meeting on or about October 20, 2015, Plaintiff said he believed his career could be negatively affected by his participation in the investigation regarding Mr. Gurandiano, and deny the remaining allegations contained in paragraph 48 of the Complaint.

49. Defendants admit that, on or about October 20, 2015, Plaintiff said he believed that he had been or might be retaliated against for participating in the investigation regarding Mr. Gurandiano, and deny the remaining allegations and negative inferences in paragraph 49 of the Complaint.

50. Defendants deny the allegations and negative inferences contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the number of times that Plaintiff met and/or spoke with members of the Bank's Human Resources and/or legal teams, admit that Plaintiff did complain of alleged retaliation to the Bank, and deny the remaining allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants admit that Plaintiff did not receive an individual discretionary incentive compensation award for the 2015 year, admit that Plaintiff received individual discretionary incentive compensation awards in prior years, lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding when Plaintiff first learned that he would not receive an individual discretionary incentive compensation award for the 2015 year, and deny the remaining allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. Defendants admit that Mr. Hantho may have used the word "CEO," but only as a euphemism to try to motivate Plaintiff to take a stronger leadership role with his group in the wake of Mr. Mortara's resignation, deny that Mr. Hantho used the term as an actual title that might have been used for Plaintiff's role (or that such a title would have been used for individual business groups within the Bank), and deny the remaining allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants admit that the Bank terminated Plaintiff's employment as part of a restructuring on or around August 4, 2016 in a meeting attended by Mr. Hantho and Melissa Fridman, a Director in Human Resources, but deny the remaining allegations contained in paragraph 64 of the Complaint.

65. Defendants admit that Mr. Hantho stated, among other things, that the Bank was downsizing the group and was going to adjust the model, and deny the remaining allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants admit that Mr. Hantho told Plaintiff that such discussion was for another time, and deny the remaining allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding unspecified media reports, and deny the remaining allegations contained in paragraph 74 of the Complaint.

75. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint, and therefore deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

### FIRST CAUSE OF ACTION
**(Retaliation Against Defendant Deutsche Bank in Violation of Title VII)**

80. Defendants incorporate herein their responses to each and every allegation above with the same force and effect as if fully set forth herein.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

## SECOND CAUSE OF ACTION
### (Retaliation Against All Defendants in Violation of NYSHRL)

85. Defendants incorporate herein their responses to each and every allegation above with the same force and effect as if fully set forth herein.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

## THIRD CAUSE OF ACTION
### (Retaliation Against All Defendants in Violation of NYCHRL)

89. Defendants incorporate herein their responses to each and every allegation above with the same force and effect as if fully set forth herein.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in paragraph 93 of the Complaint.

## FOURTH CAUSE OF ACTION
### (Aiding And Abetting Violations of NYSHRL Against Defendants Bunzel And Hantho)

94. Defendants incorporate herein their responses to each and every allegation above with the same force and effect as if fully set forth herein.

95. Defendants deny the allegations contained in paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in paragraph 97 of the Complaint.

48737349v.4

## FIFTH CAUSE OF ACTION
### (Aiding And Abetting Violations of NYCHRL Against Defendants Bunzel And Hantho)

98.     Defendants incorporate herein their responses to each and every allegation above with the same force and effect as if fully set forth herein.

99.     Defendants deny the allegations contained in paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in paragraph 102 of the Complaint.

## JURY DEMAND

Defendants deny that Plaintiff has a right to a trial by jury on all issues, and specifically object to the extent that the Plaintiff is not entitled to a trial by jury on any claims for equitable relief and/or on any other issues as to which a jury trial is not permitted as of right.

## AS TO THE "PRAYER FOR RELIEF"

Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief section on pages 21 and 22 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.  Defendants deny every allegation of the Complaint not expressly admitted herein and deny that Plaintiff is entitled to any relief.

## FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

The Court lacks jurisdiction over any claim under Title VII that was not included in Plaintiff's administrative charge and/or because he failed to satisfy the administrative prerequisites to filing suit under Title VII.

## THIRD DEFENSE

To the extent that Plaintiff's Title VII claim is based on alleged conduct that occurred more than 300 days before he filed his EEOC charge, such claim is time-barred.

## FOURTH DEFENSE

To the extent that Plaintiff's claims under the New York State Human Rights Law or New York City Administrative Code are based on alleged conduct that occurred more than three years before he filed his lawsuit, such claims are time-barred.

## FIFTH DEFENSE

Plaintiff's own culpable conduct caused, in whole or in part, whatever damages he may have suffered.

## SIXTH DEFENSE

Defendants did not engage in alleged retaliation against Plaintiff, did not aid or abet, and did not authorize, encourage, condone, ratify, acquiesce in, tolerate, or approve any alleged retaliation against Plaintiff, but instead prohibited and continue to prohibit any such acts, and to the extent any such conduct occurred, it may not be attributed to Defendants through principles of agency, *respondeat superior*, or otherwise.

## SEVENTH DEFENSE

Plaintiff's claims are barred because Defendants exercised reasonable care to prevent discrimination, retaliation and harassment and Plaintiff unreasonably failed to take advantage of

13

the preventative or corrective opportunities provided by Defendants, to cooperate fully in Defendants' process, or otherwise to avoid harm.

## EIGHTH DEFENSE

Plaintiff's claims are not actionable because the Complaint fails to set forth a *prima facie* case of retaliation.

## NINTH DEFENSE

Plaintiff is barred from recovery, in whole or in part, to the extent he has failed to engage in reasonable efforts to mitigate his alleged damages.

## TENTH DEFENSE

Defendants have complied with all laws and regulations and otherwise satisfied any statutory obligations that they may have toward Plaintiff under law, including Title VII, and the laws, regulations, and/or public policy of the State of New York and the City of New York.

## ELEVENTH DEFENSE

Throughout the relevant period, DBSI maintained and complied with well-established policies, programs, and procedures for the prevention and detection of unlawful harassment, discrimination, or retaliatory conduct by its employees.

## TWELFTH DEFENSE

All of Defendants' decisions, actions, and/or omissions with respect to Plaintiff were based upon legitimate non-retaliatory business reasons.

## THIRTEENTH DEFENSE

In the event that Plaintiff can demonstrate that his alleged protected activity was a motivating factor in any alleged employment decision that he challenges, he is not entitled to money damages, reinstatement, or other relief because Defendants would have taken the same action in the absence of any impermissible factor.

### FOURTEENTH DEFENSE

Defendants Hantho and Bunzel cannot be held liable in their individual capacities under the New York State Human Rights Law or the New York City Administrative Code, either as primary actors or on the basis of an "aiding and abetting" or any other theory of liability.

### FIFTEENTH DEFENSE

Plaintiff cannot establish that Defendants' actions were a pretext for retaliation.

### SIXTEENTH DEFENSE

To the extent applicable, all relevant factors should be considered in accordance with § 8-126(b) of the NYCHRL.

### SEVENTEENTH DEFENSE

The causes of action alleged or alluded to in the Complaint are frivolous, unreasonable and groundless, and, accordingly, Defendants should recover all costs and attorneys' fees incurred in defending this action.

### RESERVATION OF RIGHTS

Defendants reserve their right to amend this Answer and to assert any additional affirmative and/or other defenses that may become available or apparent during the course of the investigation and/or discovery in this case.

**WHEREFORE,** Defendants respectfully request that this Court enter judgment in their favor against Plaintiff as follows:

1. dismissing the Complaint in its entirety on the merits;

2. granting to Defendants the costs and expenses of this action, including attorney's fees; and

3. awarding Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York  
       September 24, 2018

SEYFARTH SHAW LLP

By: */s/ Cameron Smith*  
    Cliff Fonstein  
    Cameron Smith  
    cfonstein@seyfarth.com  
    casmith@seyfarth.com  
    620 Eighth Avenue  
    New York, New York  10018  
    Telephone:  (212) 218-5500  
    Facsimile:  (212) 218-5526

Attorneys for Defendants  
DEUTSCHE BANK SECURITIES INC.;  
JEFFREY BUNZEL and MARK HANTHO

48737349v.4

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2018, I electronically filed the foregoing ANSWER TO PLAINTIFF'S COMPLAINT, via the Court's CM/ECF system, which sent notification of such filing to all counsel of record.

                                            */s/ Cameron Smith*_____
                                            Cameron Smith

48737349v.4