

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/23/2021

**Seyfarth Shaw LLP**
620 Eighth Avenue
New York, New York 10018
**T** (212) 218-5500
**F** (212) 218-5526

casmith@seyfarth.com
T (212) 218-5605

www.seyfarth.com

**MEMO ENDORSED**

October 2, 2020

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: Neil Abromavage v. Deutsche Bank Securities Inc. et al (1:18-cv-06621)

Dear Judge Caproni:

We represent Defendants Deutsche Bank Securities Inc. ("DBSI"), Jeffrey Bunzel and Mark Hantho (collectively, "Defendants") in the above-referenced case. Pursuant to Fed. R. Civ. P. 26(c), the Court's Individual Practice in Civil Cases 5(B)(ii), and the June 8, 2019 Stipulation and Protective Order Regarding Confidential, Proprietary and Privileged Information (the "Confidentiality Order") [Dkt. No. 28], Defendants submitted a letter motion on July 17, 2020 requesting leave to file under seal portions of their motion for summary judgment. Plaintiff joined in the request only to the extent it related to the request to file under seal Plaintiff's compensation information and stated that he reserved the right to challenge other redactions. Defendants now submits a motion to seal portions of their reply papers, and Plaintiff again joins in the request only to the extent it relates to the request to file under seal Plaintiff's compensation information and reserves the right to challenge other redactions.

Introduction

As in their initial motion, Defendants generally seek to redact information in three categories: (1) confidential information about Defendants' non-party clients' identities and transactions; (2) confidential information about an internal investigation of a non-party former DBSI employee and (3) DBSI's employees' compensation information.[1] The general presumption in favor of public access to judicial documents is overcome in this case by the strong competing consideration of protecting non-parties' privacy. The information Defendants seek to redact is unquestionably confidential and private, and Courts frequently protect similar

[1] In a July 22, 2020 letter to the Court, Plaintiff did not oppose Defendants' motion to seal portions of its moving papers in the first and third categories, and did not take a position on Defendants' request to seal portions of documents in the second category. In this motion, Defendants also seek to redact the reason for a non-party's departure from DBSI.





information from disclosure. Thus, the Court should permit the narrow redactions Defendants request.

Argument

I. Standard for Filing Under Seal

Fed. R. Civ. P. 26(c)(1)(G) provides that the Court may "for good cause, issue an order . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Federal Rule of Civil Procedure 26(c) permits a Court, on a showing of good cause, to issue an order sealing documents "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Confidentiality Order defines "Confidential Information" as

> any type of classification of non-public documents or information produced by the Parties, which is in good faith designated as confidential by the Parties due to the confidential, non-public and sensitive nature of the information, including, but not limited to, (i) DBSI's proprietary business information, deal information, private or sensitive client information, trade secrets, financial data, payroll records, employee compensation, employee performance reviews, personnel files or other similar information with respect to current or former employees of DBSI, (ii) Plaintiff's financial and medical records or other sensitive, private or personal information pertaining to Plaintiff; and (iii) confidential, sensitive information or documents relating to third parties.

The Confidentiality Order further provides that: "Prior to filing in any court any document or information actually comprising or containing Confidential Information, the Parties agree to confer to determine the best method to attempt to ensure that the document or information remains sufficiently protected. If necessary, a Party may make an application to file the document under seal."

It is generally presumed that the public has a right to access judicial documents[2]. *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). However, this presumption is not absolute, and can be overcome A district court has broad discretion to maintain documents under seal for good cause. *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978) ("[e]very court has supervisory power over its own records and files"). *Lugosch v. Pyramid Co*. sets forth the considerations the Court must weigh when determining whether records or testimony should be protected from public disclosure. 435 F.3d 110, 119 (2d Cir. 2006). The presumption of public access may be overcome "to preserve higher values" provided "the sealing order is narrowly tailored to achieve that aim." *Lugosch, 435 F.3d at 124.*

---

[2] The presumption of public access applies to "judicial documents." *Amodeo*, 44 F.3d at 145. "Judicial documents" are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* The documents at issue will be submitted in connection with Defendants' summary judgment motion and Defendants acknowledge that they are thus judicial documents.





In determining whether the presumption of access may be overcome, the Court must first determine the weight of the presumption. "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters which come within a court's purview solely to ensure their irrelevance" *Lugosch*, 435 F.3d at 119. There is a weak presumption of access attaching to irrelevant documents, and a stronger presumption attaching to those documents that directly affect a Court's decision. *Id.*

Next, a Court must "balance competing considerations against" the presumption of access to documents. *Lugosch*, 435 F.3d at 119-20. These competing considerations include "the privacy interests of those resisting disclosure." *Id.* In determining the weight accorded to privacy concerns, "courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Amodeo,* 71 F.3d at 1051. Likewise, "[t]he nature and degree of injury [from having such information made public] must also be weighed." *Id.*

II. Documents Containing Client Information Should Be Sealed

Defendants seek to file in redacted form the highlighted portions of the following declarations and exhibits thereto: Smith Reply Decl. Exhs. D and E (Exhibits 3 and 4 hereto). Each of these documents contains confidential information regarding DBSI's non-party clients, including those clients' identities and information regarding their transactions.

In this case, the presumption of public access to this information is weak To the extent Plaintiff is claiming that he was excluded from meetings or working with a client, those names are not redacted. However, where client names or transaction information are contained in a document that is introduced for other purposes, they are the type of information that "comes within a court's purview solely to ensure [its] irrelevance" *Lugosch*, 435 F.3d at 119.

In contrast to the weak presumption to access, the non-parties have a strong privacy interest in keeping the information private. Defendants keep information regarding their customers' identities and transactions confidential and do not share them with others. Thus, redaction is appropriate. *See Dodona I, LLC v. Goldman, Sachs & Co*., 119 F. Supp. 3d 152, 156-57 (S.D.N.Y. 2015), (granting motion to redact and seal information containing parties' and third-parties' customers' identities, account information and pricing information and disclosing those customers' "trading strategies, objectives and transactions," because the customers' privacy interests in such information overcame the presumption of public disclosure).

Indeed, documents that contain client information are routinely sealed, and should be sealed in this instance *See Hesse v. Sungard Sys. Int'l.*, 2013 U.S. Dist. LEXIS 7289, at *6 (S.D.N.Y. Jan. 14, 2013) (defendant's motion to seal exhibits to complaint properly granted where the exhibits contained, *inter alia*, "details of specific projects completed for several clients."). In particular, documents that contain, *inter alia*, "non-parties' confidential customer information" should be sealed. *Royal Park Inves. SA/NV v. Deutsche Bank Nat'l Trust Co*., 2017 U.S. Dist. LEXIS 55881, at *41 (S.D.N.Y. Apr. 4, 2017) (granting motion to seal non-party customer information and the "granular terms of private securities transactions" involving the non-party customers); *see also Dodona I, LLC v. Goldman, Sachs & Co*., 119 F. Supp. 3d 152, 156-57 (S.D.N.Y. 2015) (granting motion to seal and redact information about non-party clients, including the clients' identities).





B. Documents Containing Information Regarding An Internal Investigation Should Be Sealed.

Defendants seek leave to redact portions of the following documents concerning the details of DBSI's internal investigation of a complaint against DBSI's former employee, non-party Jason Gurandiano: their Response to Plaintiff's Separate Statement of Material Facts ¶¶ 381, 486, 488 and 685 (Exhibit 6 hereto), Exhibit E to the Smith Reply Decl. (Exhibit 4 hereto), Exhibit F to the Smith Reply Decl. (Exhibit 5 hereto) and the Reply Memorandum of Law (Exhibit 1 hereto). Plaintiff alleges in this case that Defendants retaliated against him for his participation in the investigation of Gurandiano.

The presumption of public access to the specific allegations of wrongdoing against Gurandiano is weak, as the allegations are only relevant to the extent that Plaintiff corroborated them. Defendants have not redacted any information concerning Plaintiff's statements to the investigators. The specific other allegations against Gurandiano and DBSI's justification for the termination of Gurandiano are not relevant to this case. Defendants have only included information regarding the many allegations against Gurandiano that Plaintiff did not corroborate to establish that Plaintiff's role in the investigation was small.

The specific allegations also include statements made by other non-party employees and former employees of DSBI regarding Gurandiano's conduct, which they made in the context of a confidential investigation. Thus, "the subject matter is traditionally considered private rather than public." *Amodeo,* 71 F.3d at 1051. Moreover, disclosures of the specific allegations in this case could be highly embarrassing to all the interviewees, who with the exception of Hantho are non-parties, and invasive of their privacy. As a result the specific allegations regarding individuals other than Plaintiff, and the allegations that were not corroborated by Plaintiff, should be sealed.

C. Documents Containing Compensation Information Should Be Sealed.

Defendants also seek to redact confidential information regarding non-party employees' compensation[3], contained in the following documents: Defendants' Separate Statement of Material Facts ¶¶ 508 (Ex 6 hereto), Exhibit A to the Smith Reply Declaration (Exhibit 7 hereto), Exhibit C to the Smith Reply Declaration (Exhibit 2 hereto), and Exhibit E to the Smith Reply

---

[3] Defendants recognize that their employees other than Plaintiff are referenced in code (e.g., "MD1") in the documents. Nonetheless, Defendants respectfully request that redaction of specific compensation numbers is appropriate as the specific numbers are highly confidential. A non-party DSBI employee whose compensation information appears in the documents can identify himself or herself. Also, the chart of compensation information will reveal DBSI's compensation range for Managing Directors within their Equity Capital Markets business which could damage them competitively. *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing defendants' "[c]onfidential business information dating back even a decade or more" because they "provide valuable insights into a company's current business practices that a competitor would seek to exploit," including "the cost and profit structures of the defendants" and their marketing strategies); *Gelb v. Am. Tel. & Tel. Co.,* 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (noting that "defendants' assertion that its competitors . . . could use [the information] to do competitive injury to the defendants is, on the facts of this case, a sufficient basis" for sealing).





Declaration (Exhibit 4 hereto)[4]; and the parties jointly seek to redact Plaintiff's compensation information in the following documents: Exhibit C to the Smith Reply Declaration (Exhibit 2 hereto); and the Reply Memorandum of Law (Exhibit 1 hereto).

In this case, the presumption of public access to the precise dollar amounts of compensation is weak. The parties do not seek to redact information stating whether Plaintiff's compensation was higher or lower than other employees, but instead seek to redact the precise dollar amounts of the compensation. Exact dollar amounts are not necessary as the only relevant area of concern is Plaintiff's compensation in relation to others.

It is well-settled that the non-parties' compensation information should be sealed. "[P]rivacy interests of . . .employees who are not parties to this action, outweigh the presumption of public access to court documents." *See McCracken v. Verisma Sys*., 2017 U.S. Dist. LEXIS 15778, at *13 (W.D.N.Y. Sept. 26, 2017) (granting motion to seal nonparties' compensation information). *See also Keybank Nat'l Ass'n v. Element Transp. LLC,* 2017 U.S. Dist. LEXIS 11709, at *8 (S.D.N.Y. Jan. 26, 2017) (granting motion to seal nonparties' financial information including vehicle identification numbers, credit scores, guarantors' names, and value of payments remaining on non-parties' vehicle leases); *Dodona I, LLC v. Goldman, Sachs & Co*., 119 F. Supp. 3d 152, 156-57 (S.D.N.Y. 2015) (granting motion to seal sensitive and confidential information of current and former employees of the parties, including their compensation); *Broadhurst Invs. LP v. Bank of N.Y. Mellon*, 2010 U.S. Dist. LEXIS 79668, at *15 (S.D.N.Y. Aug. 2, 2010) (granting motion to seal financial information of non-parties). Because such information is highly personal and private, the privacy interests outweigh the public's right to access to these documents in unredacted form.

**CONCLUSION**

Defendants respectfully request that the Court enter an Order: (1) allowing Defendants to file Exhibits 1 through 7 hereto in redacted form and (2) awarding Defendants such other and further relief as the Court deems just and proper.

Respectfully yours,

SEYFARTH SHAW LLP

*/s/ Cameron Smith*

Cameron Smith

cc: All counsel of record (via ECF)

---

[4] Defendants also seek to redact a reference to the reason for a non-party former employee of DBSI's departure from the firm in Exhibit 4 hereto. The page is not cited for that information, and the information is confidential to the employee and infringes on his privacy interests.

The parties' request to seal select portions of the filings associated with Defendants' Motion for Summary Judgment is hereby granted in part and denied in part.

Defendants seek to redact information contained in their filings relating to the following five topics:

1) Defendants' non-party clients' identities and transactions
2) Deutsche Bank's internal investigation into Jason Gurandiano, a former Deutsche Bank employee
3) Deutsche Bank's employee compensation information
4) Plaintiff's date of birth, address, email address, and phone number
5) The reason for the departure from Deutsche Bank of a non-party former employee

*See* Def. Letters Motions, Dkts. 54, 81. Plaintiff joins the request with respect to his own filings with regards to two categories: compensation information and Plaintiff's identifying information. *See* Def. Letter Motion, Dkt. 54 at 1.

The Court grants the sealing request with respect to categories one, three, four, and five. The Court denies the sealing request with respect to part of the second category, concerning information relating to Deutsche Bank's investigation into Jason Gurandiano.

A presumption of public access applies to judicial documents, like those at issue here. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The presumption is strongest when the material in question directly affects the adjudication of the matter at hand. *Id.* at 119. To overcome the presumption, parties must demonstrate that a higher value justifies any redactions. *Id.* at 124.

With respect to categories one, three, four, and five, the Court finds that the presumption is not at its strongest, as the material in these categories is not directly at issue in this matter. Publicly disclosing non-party client identities and transactions as well as the amounts of employee compensation would implicate Defendants' interests in protecting its client information and in avoiding potential competitive damage. These represent higher values that may overcome the presumption of public access in these circumstances. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *Encyclopedia Brown Prods., Ltd. v. Home Box Office*, Inc., 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998). Plaintiff's identifying information (category four) may also be redacted, given the sensitive and personal nature of the information. *See also* Fed. R. Civ. P. 5.2(a). And with respect to category five, revealing the reason for the departure of a certain former employee would raise privacy concerns for that employee, who has nothing to do with the litigation at hand. Given the reasons why that employee left the Bank, the Court finds that the "nature and degree of injury" from public disclosure counsels in favor of redaction. *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

But the Court finds that information about Defendants' internal investigation of a complaint against Jason Gurandiano may not be redacted fully. The presumption of public access to this information is strong, given that it directly affects adjudication of Defendants' Motion for Summary Judgment. *See Lugosch*, 435 F.3d at 119. The parties provide very different characterization's of Plaintiff's role in the investigation into Gurandiano. Defendants describe his role as "peripheral" and "minimal," Def. Mem. of Law, Dkt. 61 at 1, 4, but Plaintiff contends that "[n]othing is further from the truth" and that Plaintiff played a substantial role in the investigation. Pl. Response, Dkt. 68 at 2, 14–16.

Statements about who contributed what to the investigation are important for the Court to determine what role Plaintiff played in the investigation. For example, Defendants redacted that five people reported that Gurandiano referred to South Asian employees as "slumdog millionaire." Def. Reply, Dkt. 82 at 3, n.1. This information directly relates to the impact of Plaintiff's participation on the investigation. Additionally, allegations made against Gurandiano by other interviewees that Plaintiff himself did not raise also impact the Court's assessment of the role Plaintiff played in the investigation.

But the Court also agrees with Defendants that non-party interviewees have a strong privacy interest in keeping private the information they confidentially provided to the Deutsche Bank Human Resources department as part of the investigation. Therefore, the Court approves redactions of any information within this category that Defendants strongly believe could be used to determine the identity of non-party interviewees. The Court does not approve such redactions with respect to interviewees that are parties to this litigation.

The parties must narrow their redactions in line with this Order and refile the relevant documents on the public docket by no later than **Friday, March 5, 2021**.

The Clerk of Court is respectfully requested to close the open motions at docket entries 54 and 81.

SO ORDERED.

Date: February 23, 2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE